**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

JORGE ZAMORANO RESENDIZ,
221-490-423,

        Petitioner,

v.                                **CIVIL ACTION NO. 2:26cv392**

JEFFREY CRAWFORD,
*ICA-Farmville Detention Center*,

        Respondent.

### OPINION AND ORDER

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Jorge Zamorano Resendiz ("Petitioner" or "Resendiz"). Pet. (ECF No. 1). Resendiz is an immigration detainee and at the time he filed his petition he was housed at ICA-Farmville Detention Center. Id. at 1. His Petition alleges he is unlawfully subject to immigration detention and seeks release from custody due to his "age and [ ] disabilities." Id. at 7.

The court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("the § 2254 Rules") to apply the § 2254 Rules to the instant § 2241 Petition, and ordered Respondent to file an answer to the Petition, together with any applicable attachments referenced in Rule 5 of the § 2254 Rules, and if appropriate, a motion to dismiss. Order (ECF No. 5). The same Order advised that Petitioner may, if he desires, file a reply to Respondent' answer or motion to dismiss within fourteen (14) days of receipt of Respondent' filings. Id.

On May 11, 2026, Respondent opposed the Petition, (ECF No. 8), arguing that Resendiz was subject to mandatory detention under 8 U.S.C. § 1231, as he is subject to a

1

final removal order.  Fed. Resp't's Opp'n to Pet. ("Resp't's Mem.") (ECF No. 8).  The motion included a declaration from U.S. Immigration and Customs Enforcement Field Director Charles M. Byrne outlining Resendiz's present immigration claims.  Byrne Decl. (ECF No. 8-1).  The court advised Resendiz, by written order, of his right to respond to the Motion, the timeline for doing so, and the possible consequences of not responding. Notice (ECF No. 9).  Resendiz filed no substantive response and the deadline for responding has now passed.[1]  Byrne's declaration cited immigration records reflecting the finality of Resendiz's Order of Removal.  Byrne Decl. ¶¶ 8-11 (ECF No. 8-1, at 3).

After reviewing the Petition, Respondent' motions and the Byrne Declaration, I conclude that Resendiz's Petition fails to state any claim for relief under 28 U.S.C. § 2241, and his Petition should be dismissed.

## I.    FACTUAL AND PROCEDURAL HISTORY

Resendiz's Petition does not directly address any statutory claims for release on bond—but instead focuses on his age (70) and lack of any prior criminal history.  Using a form document, his primary ground for relief asserts he is being held on an immigration charge, and that he was "wrongly labeled/categorized." Pet. (ECF No. 1, at 6).  He also claims his mandatory detention violates his rights to due process.  Id. at 6.  He also alleges he was detained at the Farmville Detention Center.  He does not allege when he was taken into ICE custody but does allege he was denied bond at a hearing on March 2026—on the grounds that he was subject to mandatory detention under § 1226(a).  Id. at 1, 6.  His prayer for relief asks for immediate release.  Id. at 7.

---

[1] The court's orders have been returned as undeliverable.  Although Resendiz has not provided the court any notice of a change in address, a family member wrote to communicate that he had been relocated to Jackson Parish Correctional Facility in Louisiana.  (ECF No. 12).  All prior mailings to Resendiz that had been returned to the court were resent to the new address in Louisiana.  (ECF No. 15).  The mailings were again returned to the court.  (ECF Nos. 17, 18).

Respondent's opposition, however, asserts that Resendiz is no longer detained under § 1226(a), but under § 1231, which lawfully imposes mandatory detention on immigrants subject to a final order of removal. Resp't's Mem. (ECF No. 8, at 2-3). The Byrne Declaration identifies Resendiz as a 73-year old native and citizen of Mexico who entered the U.S. at some unknown time prior to 2026. Byrne Decl. ¶¶ 5-6 (ECF No. 8-1, at 2). Thereafter, Assistant Field Office Director Byrne asserts:

On January 11, 2026, Petitioner was encountered by Enforcement and Removal Operations ("ERO") officers, arrested, and taken into immigration custody after his immigration status was determined. Petitioner claims he is a citizen and national of Mexico who unlawfully entered the United States at an unknown place, on an unknown date, without being inspected, admitted, or paroled.

On January 12, 2026, Petitioner was issued a Notice to Appear ("NTA") that charged him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission to the United States was not in possession of any valid entry document, and 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

On February 26, 2026, at a master calendar hearing ("MCH") Petitioner admitted the allegations contained in the NTA and conceded the charges of inadmissibility. At this same MCH, Petitioner explained that he wanted to apply for asylum, and the Immigration Judge ("IJ") ordered Petitioner to file an I-589 Application for Asylum, Withholding of Removal, and withholding under the Convention Against Torture ("I-589") by the next hearing date or he would be found to have abandoned his application.

On March 24, 2026, Petitioner was present for his next MCH but failed to file an I-589 application for relief. The IJ found Petitioner to have abandoned his application and ordered him removed to Mexico. Petitioner reserved appeal, due by April 23, 2026.

On March 25, 2026, an IJ denied Petitioner's bond/custody redetermination request due to lack of jurisdiction. Petitioner reserved appeal, due April 24, 2026. As of the date of this declaration, there is no record of an appeal having been filed.

As of the date of this declaration, Petitioner did not file an appeal or a motion to

3

reopen of the IJ decision ordering his removal.

On May 2, 2026, Petitioner was transferred to the Jackson Parish Correctional Center from Farmville Detention Center to be staged for removal.

Petitioner is currently detained under 8 U.S.C. § 1231 at the Jackson Parish Correctional Center pending removal to Mexico.

As of the time of this declaration, Petitioner is waiting to be scheduled for an ICE Air Charter flight to the interior of Mexico. Valid travel documents are not required for Mexican nationals being repatriated to Mexico.

Byrne Decl. ¶¶ 6-14 (ECF No. 8-1, at 2-4).

The Byrne Declaration was dated May 7, 2026, and updated the record on the status of Resendiz's immigration proceedings. It established that as of March 24, 2026, Resendiz was subject to an order of removal following his failure to apply for withholding of removal. Because Petitioner reserved appeal, he had until April 24, 2026, thirty days from the date of decision, to file the appropriate filing with the Board of Immigration Appeals. See id. ¶¶ 9, 11 (ECF No. 8-1, at 3); 8 C.F.R. §§ 1003.38, 1241.1(c). Records identified in the Byrne Declaration state that no appeal was filed, therefore, Petitioner's Removal Order became administratively final on that date.

## II.    ANALYSIS

As Respondent acknowledged, this District has received many habeas petitions from ICE detainees contesting mandatory detention under § 1225(b)(2) and seeking bond under the provisions of § 1226(a), as Resendiz's Petition impliedly asserts. But not every detainee subject to mandatory detention is subject to the same statutory basis for detention. And in Resendiz's case, mandatory detention—which may not have been proper under § 1225(b)(1)—has now been superseded by final resolution of his application for admission. Now that his application has been finally adjudicated, he is

4

subject to a final order of removal. As a result, his continued detention is proper for at least some period of time under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court recognized that detention under § 1231 is presumptively reasonable for at least six months. Id. at 701.

Under 8 U.S.C. § 1231, the United States is provided ninety days to execute a removal upon a final order. The 90-day removal period begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). Upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

Under Zadvydas v. Davis, the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. at 682. The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the

reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

As Resendiz's detention under that statute began less than three months ago, his Petition is premature and should be dismissed. See Order, Chavarria Fuentes v. Lyons, No. 1:25-cv-2050 (E.D. Va. Mar. 17, 2026) (ECF No. 28). Should Resendiz remain detained beyond the presumptively reasonable six-month period of detention, he may bring a new claim for relief under the standards set out in Zadvydas.

To the extent Petitioner brings collateral challenges to his removal proceedings, this court lacks jurisdiction under 8. U.S.C. § 1252(g) to review those claims. See Pet. (ECF No. 1, at 6-7). Congress has established that federal district courts lack jurisdiction to review collateral attacks on removal. See Joshua M. v. Barr, 439 F. Supp. 3d 632, 666-68 (E.D. Va. 2020) (noting that district courts have a "limited" "ability to review habeas petitions challenging removal orders"). Instead, Petitioner must directly appeal a BIA determination in one of the federal courts of appeal. See, e.g., id.; Igwebuike v. Caterisano, 230 F. App'x 278, 281 (4th Cir. 2007). Accordingly, this court cannot resolve Petitioner's claims seeking cancellation or withholding of removal. Doe v. Mayorkas, No. 120-cv-618, 2021 WL 2336596, at *5 (E.D. Va. June 7, 2021).

### III.   CONCLUSION

For the reasons stated, Respondent's Motion to Dismiss set out in the Opposition, (ECF No. 8), is GRANTED, and the Petition, (ECF No. 1), is DENIED and DISMISSED.

### IV.   REVIEW PROCEDURE

**If Petitioner intends to appeal this Final Order, he must within sixty (60) days from the date of this Order, file a written notice of appeal with the Clerk of the**

United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Frayer v. Warden, FCI Beckley, No. 23-6054, 2023 WL 3268719, at *1 (4th Cir. May 5, 2023) ("When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order.").

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

June 24, 2026

7

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Jorge Zamorano Resendiz**
**221-490-423**
**Jackson Parish Correctional Facility**
**327 Industrial Dr.**
**Jonesboro, LA 71251**

and an electronic copy was provided to:

**Stephanie Savino**
**DOJ-USAO**
**1125 Chapline Street**
**Suite 3000**
**Wheeling, WV 26003**

Laura G. Griffin, Clerk

By ___/s/ J. L. Meyers___
Deputy Clerk

___June 24___, 2026

8